UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

STARLET Y. CUMMINGS,
    Plaintiff,

-v-                                  CASE NO. 2:09-cv-642-FtM-DNF

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**OPINION AND ORDER**[1]

Plaintiff filed an application for a period of disability and disability insurance benefits [DIB] and Supplemental Security Income [SSI] on April 19, 2006, alleging an onset of disability of May 31, 2004 (Tr. 14). The Agency denied this application in initial and reconsideration determinations dated August 18, 2006 and October 27, 2006, respectively. (Tr. 14, 57-61). Plaintiff timely requested and appeared at a hearing on February 3, 2009 before Administrative Law Judge (ALJ) Dean W. Determan (Tr. 14). In the hearing decision dated March 11, 2009, the ALJ found Plaintiff not disabled (Tr. 11-21). The ALJ's hearing decision rested as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 14, 2009 [Tr. 1-3]. The ALJ's final hearing decision is now ripe for review under sections U.S.C. §§ 405(g)of the Social Security Act, 42.

---

[1] Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference signed by District Judge John E. Steele dated December 22, 2009. (Doc. 13).

The Commissioner has filed a transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties have filed legal their memoranda. For the reasons set forth below, the Court finds that the Commissioner's decision is due to be **AFFIRMED**.

I. SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ'S DECISION AND STANDARD OF REVIEW

Plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423 (d) (1)(A); 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 416.920(a)-(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The decision of Administrative Law Judge Dean Determan, dated March 11, 2009, found Plaintiff was not under a disability as defined in the Social Security Act, at any time from March 31, 2004, the alleged onset date, through December 31, 2009, the date last insured ("DLI"). 20 C.F.R. 404.1520(g) (Tr. 16). At Step 1 the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 31, 2004, through her "DLI" (Tr. 16). At Step 2 the ALJ found Plaintiff suffered from severe

impairments of internal derangement of the knees, residuals from surgery on both knees, osteoarthritis of the knees and obesity (Tr. 16). At Step 3 the ALJ found through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17). At Step 4 the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of sedentary work (Tr. 18). At Step 5 the ALJ found Plaintiff is capable of performing her past relevant work as an assembler as this work does not require the performance of work related activities precluded by Plaintiff's "RFC" (Tr. 20).

In reviewing a decision by the Commissioner, the District Court is bound to uphold the Commissioner's findings if they are supported by substantial evidence and based upon proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Lewis v. Callahan*, 125 F.3d 1436, 1439-40 (11th Cir. 1997). Factual findings are conclusive if supported by "substantial evidence," which is more than a scintilla and consists of such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Lewis v. Callahan*, 125 F.3d at 1440. The Court does not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). If the Commissioner's decision is supported by substantial evidence, the Court must affirm even if the evidence predominates against the decision. *Wilson v. Barnhart*, 284 F.3d at 1291. However, the Court must conduct an exacting examination of

whether the Commissioner followed the appropriate legal standards in deciding the claim and reached the correct legal conclusions. *Wilson v. Barnhart*, 284 F.3d at 1291. The failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted will mandate reversal. *Keeton v. Department of Health and Human Servs.*, 21 F.3d at 1066.

## II. Review of Facts and Conclusions of Law

**A.     Background Facts:**

Plaintiff was born on July 5, 1965 and was forty-three years old at the time of the hearing held on February 3, 2009 (Tr. 38). Plaintiff reported she has a high school education, and has past relevant work as a retail cashier and as a worker on an assembly line making cables (Tr. 6, 102). Plaintiff reports her disability began May 31, 2004, when she turned and twisted her right knee (Tr. 26). An MRI revealed a torn right ACL ligament and torn meniscus. On August 12, 2004, Plaintiff underwent right knee ACL surgical repair and post-surgical physical therapy (Tr. 6).

On November 11, 2004, Plaintiff was treated by Peter J. Curcione, D.O. for follow-up after her surgery. Dr. Curcione's first note reveals that Plaintiff failed to show up for her physical therapy. However, he also notes that the previous week after therapy, Plaintiff was down to 0 degrees extension, but at this visit was back to about 50 to 20 degrees flexion contracture. Dr. Curcione expressed concern that Plaintiff could only have consistent long-term results if Plaintiff did at least one month of therapy. "This is medically necessary to

achieve good result (sic)." "She has made progress and although slow I think that without more therapy she will certainly not be functional and we will have difficulty getting her back to gainful employment. See her back in six weeks (Tr. 177)."

On January 6, 2005, Dr. Curcione operated on Plaintiff[2]. "[P]RE-OPERATIVE DIAGNOSIS: 1. Arthrofibrosis of the right knee, status post anterior cruciate ligament reconstruction; 2. Chronic Infection/abscess of the right proximal tibia around the metallic staple. OPERATIVE PROCEDURE: 1) removal of staple and incision and drainage of the abscess of the left proximal tibia. 2. Manipulation of the right knee under anesthesia (Tr. 168)".

During this second surgery, Dr. Curcione manipulated the right knee while Plaintiff was under anesthesia and found that her flexion contracture was 10 degrees, which was better than what she presented on exam prior to the surgery (Tr. 168-69). Dr. Curcione also noted after the surgery that Plaintiff had excellent flexion and full extension in the right knee (Tr. 169). Dr. Curcione recommended Plaintiff pursue aggressive physical therapy with aggressive range of motion (Tr. 243).

---

[2] Plaintiff had developed an infection (Methicillin-resistant staph aureus (MSRA)) in the right knee and underwent follow-up right knee surgeries to clear the infection in January 2005 and July 2005 (Tr.168-69, 173, 211, 214-15).

Plaintiff was seen by Dr. Robert P. Casola on April 12, 2005 regarding her right knee infection post-op. Dr. Casola was concerned about the possibility of infection in the "drill hole for securing the hamstring ACL repair". A decision was made to obtain a fistulogram. Dr. Casola was concerned that the "MRSA may have traveled along from the tibia tubercle along the tendon and into the joint." (Tr. 195). Dr. Casola decided to "[r]e-evaluate the individual in 10 days' time". Further, Dr. Casola noted that Plaintiff was a relatively healthy female with no major medical problems (Tr. 193).

In August 2006, Plaintiff advised Dr. S. Rabinowitz at a consultative examination that she had begun to develop left knee pain. The record, however, shows no evidence of any testing on Plaintiff's knee until January of 2007. An x-ray of the left knee revealed early osteoarthritic changes in the medial compartment. Dr. Curcione, Plaintiff's orthopedic surgeon, evaluated the left knee in April 2007. Dr. Curcione concluded after review of the x-ray that "she had an aggravation of arthritis of the knee".

In March of 2008, Plaintiff still complained of left knee pain. MRI scan revealed a complex tear of the posterior horn of the medial meniscus and chrondromalacia and osteophyte formation in the medial compartment. Plaintiff underwent surgery on March 26, 2008 to repair the left knee. Dr. Curcione continued to follow Plaintiff post-surgically and last examined her in January of 2009. The January 2009 treatment notes show that Dr. Curcione conducted a review of systems and constitutional exam, but they are void of objective range of motion findings and other musculoskeletal or joint testing (Tr. 332-24).

**B.     SPECIFIC ISSUES**

**I.     THE ALJ ASSIGNED PROPER WEIGHT TO
        PLAINTIFF'S TREATING PHYSICIAN'S**

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of her treating physician, Dr. Curcione. (Pl.'s Br.) at 16-19.  Plaintiff's argument fails because the ALJ fully evaluated Dr. Curcione's opinion with all of the evidence in the record and properly found that his assessment regarding standing limitations was supported, but that the rest of his assessment was not supported by the substantial clinical findings of record (Tr. 19).

Plaintiff developed an infection (Methicillin-resistant staph aureus (MSRA)) in the right knee and underwent follow up right knee surgeries to clear the infection in January 2005 and July 2005 (Tr. 168-69, 173, 211, 214-15). As Dr. Curcione noted Plaintiff's infection eventually resolved (Tr. 19, 237).

In January 2005, during the second surgery, Dr. Curcione manipulated the right knee while Plaintiff was under anesthesia and found that her flexion contracture was 10 degrees, which was far better than what she presented on exam prior to the surgery (Tr. 168-69). Dr. Curcione noted after the surgery that Plaintiff had excellent flexion and full extension in the right knee (Tr. 169). Dr. Curcione recommended aggressive physical therapy with aggressive range of motion (Tr. 243).

In February 2006, Dr. Curcione noted that Plaintiff exhibited a range of motion in the right knee of 8 to 90 degrees, with flexion contracture of 8 degrees (Tr. 237). Dr. Curcione recommended home exercise with hamstring stretches (Tr. 237). With respect to Plaintiff's left knee, Dr. Curcione noted in his post-operative exam that other than the "expected /normal" complaints at that stage, there were no significant problems to report and recommended "physical therapy 3 times per week for 4 weeks and weight bearing as tolerated (Tr. 324)".

Plaintiff underwent left knee arthroscopy in March of 2008 and right knee ACL reconstruction surgery on August 12, 2008 (Tr. 181, 318-19). Following the right knee ACL reconstruction surgery in August 2008, the November 2008 x-rays of Plaintiff's knees showed relatively moderate arthritic changes, decreased medial joint space, and moderate degenerative joint disease in the right knee and relatively moderate arthritic changes and decreased medial joint space in the left knee (Tr. 327).

On December 10, 2008, Dr. Curcione opined that Plaintiff could stand for 15 minutes, sit for 15 minutes, occasionally lift 5 pounds, frequently lift 5 pounds, and never bend, stoop, balance, climb ladders, or climb stairs (Tr. 330). Further, Dr. Curcione stated in January 2009 that Plaintiff was in no acute distress (Tr. 19, 333).

Dr. Curcione's assessment, (except for his assessment regarding the standing limitation), was not entitled to controlling weight because, as the ALJ noted, it is not bolstered by the record evidence and is inconsistent with his own clinical findings (Tr. 19). Thus, the ALJ gave some weight to Dr. Curcione's assessment regarding the standing limitation, but properly gave no weight to the rest of the assessment (Tr. 19, 330).

In deciding the weight to be given to any medical source's opinion, the ALJ considers several factors, including the following: examining relationship, treatment relationship, supportability, consistency, specialization, and any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d); 416.927(d). The weight afforded a physician's opinion depends upon the extent by which it is supported by clinical or laboratory findings and is consistent with other evidence in the record. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The opinion of any medical source may be discounted when it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as whole. 20 C.F.R. §§ 404.1527(d); 416.927(d); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Good cause" exists for an ALJ to decline to give a treating source's opinion considerable weight when: (1) the treating source's opinion is not bolstered by the record evidence; (2) there is record evidence to support a contrary finding; or (3) the treating source's opinion is conclusory or inconsistent with the source's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II. THE ALJ PROPERLY EVALUATED THE CREDIBILITY OF PLAINTIFF'S COMPLAINTS OF PAIN CONSISTENT WITH THE ELEVENTH CIRCUIT PAIN STANDARD

Plaintiff argues that the ALJ failed to properly evaluate her subjective complaints of pain in accordance with the Eleventh Circuit pain standard (Pl.'s Br. at 19-21). The ALJ gave due consideration to Plaintiff's subjective complaints of pain in determining her "RFC" and specifically found that her complaints of pain are not credible to the disabling extent that she alleges (Tr. 18-19). The standard for evaluating subjective complaints, including pain, in the Eleventh Circuit requires:

> (1) evidence of an underlying medical condition and either; (2) objective medical evidence that confirms the severity of the alleged pain/limitations arising from that condition; or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain/limitations.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). A claimant's statements about pain will not alone establish disability. 20 C.F.R. §§ 404.1529(a); 416.929(a). Rather, medical signs and laboratory findings must be present showing a medical impairment(s) that could reasonably be expected to produce the symptom(s) alleged. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). When an impairment that could reasonably be expected to produce the symptoms alleged has been shown, the intensity and persistence of the symptoms, such as pain, will be evaluated based on all the evidence. 20 C.F.R. §§ 404.1529(c); 416.929(c). The district court reviews the

ALJ's credibility determination to determine whether, as a whole, it is supported by substantial evidence of record. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Although the ALJ's credibility determination cannot be so broad as to prevent subsequent review, the ALJ need not cite to particular phrases or formulations in making his credibility determination. Here, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the "RFC" assessment (Tr. 19).

    The ALJ properly noted in his credibility evaluation that Plaintiff's infection in the right knee resolved, she was in no acute distress in January 2009, and she was advised in March 2008 to bear weight on her knees as tolerated (Tr. 19, 237, 324, 333). The ALJ also properly noted that Plaintiff walked with an antalgic gait and sometimes used a cane, but did not require the use of an assistive device (Tr. 19, 248, 261).

    Dr. Stanley Rabinowitz, consultative examiner (for the Division of Disability Determination) after reviewing Plaintiff's medical reports advised that Plaintiff is able to perform light household chores and routine activities of daily living (Tr. 260). Dr. Rabinowitz also noted that Plaintiff exhibited flexion contracture in the right knee, but had no difficulty getting on and off of the exam table (Tr. 263). Plaintiff stated that she drives and does as much household cleaning and laundry as she can (Tr. 34, 125). Therefore, the ALJ's credibility determination is supported by substantial evidence.

Additionally, the record shows the ALJ properly considered Plaintiff's treating and examining source opinions and treatment notes, her credibility, and the rest of the record evidence to determine that she can perform a full range of sedentary work (Tr. 14-21 finding 5). Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §§ 404.1566(a); 416.966(a). Although a sedentary job involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. This "RFC" finding incorporates Dr. Curcione's opinion that Plaintiff is unable to stand for more than 15 minutes at a time (Tr. 19, 330). While the ALJ did not find that Plaintiff's subjective complaints were fully credible to the limiting extent that she alleged, he did incorporate her credible complaints of knee pain by limiting her to sedentary work (Tr. 18-19). Based on the foregoing, substantial evidence supports the ALJ's determination that Plaintiff is not disabled (Tr. 20 finding 7).

C.  **CONCLUSION**

For the foregoing reasons, the ALJ's decision is consistent with the requirements of law and supported by substantial evidence. Therefore, based on the application for a period of disability and disability insurance benefits protectively filed on April 19, 2006, Plaintiff is not disabled under sections 216(I) and 223(d) of the Social Security Act.

Based on the application for Supplemental Security Income protective filed on April 19, 2006, Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act.

Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment dismissing this case and thereafter, to close the file.

**DONE AND ENTERED** in Chambers at Fort Myers, Florida, this 16th day of December 2010 .

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Susan Roark Waldron, A.U.S.A.
Roberta D. Kusher, Esquire